**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAJEE VARMA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES JULIAN BROWN, et al,<br><br>Defendants. | No. 22-cv-03541<br>Judge Franklin U. Valderrama |

## ORDER

This case stems from several lawsuits brought by Plaintiff Rajee Varma (Varma), appearing *pro* se, against his business partner Dr. David Scott West (West) and personnel from Gateway Regional Medical Center (Gateway Medical), an Illinois hospital formally a subsidiary of the Quorum Health Network (Quorum Health), where Varma and West provided clinical pulmonary and critical care. R.[1] 1, Compl. ¶ 1. In April 2020, according to Varma, Quorum Health filed for Chapter 11 reorganization, thus staying any and all litigation against Quorum Health and its subsidiaries, including West and personnel at Gateway Medical.[2] *Id*. Varma now brings claims against the lawyers and the law firms involved in the Quorum Network bankruptcy litigation (Quorum bankruptcy proceedings) alleging fraud, legal malpractice, deception, civil conspiracy, breach of fiduciary duty, violations under the Civil Racketeering Influenced and Corrupt Organizations (RICO), aiding and abetting conspirators, among a myriad of others.

On July 12, 2023, the Court denied Varma's motion for an extension of time to serve Defendants because Varma had failed to serve Defendants a year after filing the lawsuit and had not provide good cause for the delay. R. 17, Minute Entry (Dismissal Or.). The Court, in its discretion, also dismissed the case without prejudice for failure to comply with Rule 4(m). *Id.*; R. 18, Final Jdgmt. A month later, Varma

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

[2]"When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect prepetition debts outside the bankruptcy forum." *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 156 (2021). "With certain exceptions, the petition operates as a stay, applicable to all entities of efforts to collect from the debtor outside of the bankruptcy forum . . . the automatic stay serves the debtor's interests by protecting the estate from dismemberment, and it also benefits creditors as a group by preventing individual creditors from pursuing their own interests to the detriment of the others." *Id*. at 156–57.

filed a Motion to Amend and/or Alter Judgment Pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60 in Respect to the Order in Dkts Nos. 17 and 18 (Motion). R. 19, Mot. Reconsider. The Motion is hereby denied.

**Background**

Varma is a board-certified physician, who in 2014 formed a limited liability company with West to provide clinical pulmonary and critical care to acute care hospitals. Compl. ¶ 1. In 2015, Varma and West signed an agreement to operate and provide a clinical program at Gateway Medical, a hospital at the time part of the Quorum Health Network and run by Mark Edward Cunningham. *Id.* ¶ 2. Gateway's chief operating officer (and West's brother-in-law), Matthew Blevins (Belvins), prior to Varma and West coming on board, indicated that Gateway Medical had significant clinical quality issues involving the pulmonary and critical care staff at the time. *Id.* But from the beginning of Varma's tenure at Gateway Medical, alleges Varma, Cunningham engaged in illegal conduct, including, but not limited to, discriminatory practices, and fraudulent patient admissions and billing for services. *See* Compl. ¶¶ 2, 4, 6. At some point in 2017, Varma parted ways with Gateway Medical and West. *Id.* ¶ 16. The next year, Varma filed numerous lawsuits (some of which were voluntarily dismissed) against West and Gateway Medical personnel. *Id.* ¶ 23. On April 7, 2020, Quorum Health, and its subsidiaries filed for Chapter 11 bankruptcy. *Id.* As a result, the automatic stay went into effect, stopping all litigation, including the lawsuits filed by Varma, that involved Quorum Health and its subsidiaries pending the resolution of the bankruptcy proceedings. *Id.*

On July 6, 2022, Varma filed this lawsuit, *pro se* against Defendants Charles Julian Brown (Brown), Michael Busenkell (Busenkell), Gellert Scali Busenkell & Brown, LLC Law Firm (Gellert Law Firm), David Russel Hurst (Hurst), Felicia Gerber Perlman (Perlman), and McDermott Will & Emery Law Firm (McDermott Law Firm) (collectively, "Defendants"), alleging fraud, legal malpractice, deception, civil conspiracy, breach of fiduciary duty, RICO, aiding and abetting conspirators with injury now being personal injury, perjury, money laundering, and many others related to their representation of parties in the Quorum bankruptcy proceedings. Compl. On September 9, 2022, Varma notified the Court that a parallel civil lawsuit had been filed, Case No. 1:22-cv-03065, before Judge Sharon Johnson Coleman, by Varma against a set of defendants associated with the Quorum bankruptcy proceedings in Delaware in which the defendants had been "given an exculpation release" under what the Court assumes is the plan of reorganization for Quorum Health. R. 5, Initial Status at 1–2.

On September 19, 2022, Varma filed a motion for extension of time to serve Defendants, R. 6, Mot. Ext. Serve, which the Court granted on October 4, 2022, R. 9, Minute Entry. On November 3, 2022, Varma filed another extension of time to serve Defendants, R. 11, 2d Mot. Ext. Serve, and the Court again granted the Motion on November 8, 2022, R. 14, Minute Entry. Finally, on December 13, 2022, Varma filed

a motion for leave to serve Defendants citing a delay for good cause. R. 15, 3d Mot. Ext. Serve. The Court denied the motion for an extension to serve the Defendants and dismissed the case without prejudice (Dismissal Order) for failure to comply with Rule 4(m). Dismissal Or. Before the Court is Varma's Motion to Amend and/or Alter Judgment Pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60 in respect to the Order in Dkts Nos. 17 and 18. Mot. Reconsider.

## Legal Standard

Varma bring his Motion under Federal Rules of Civil Procedure 59 and 60. Feed. R. Civ. P. 59; Fed. R. Civ. P. 60. However, Varma does not indicate under which subsection of the respective Rules his motion is based on. Understanding that Varma is *pro se*, the Court analyzes the Motion under Rule 59(e) and 60(b). "The purpose of a Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits," *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (cleaned up)[3]. Rule 59(e) motions, however, apply only to final orders. 2018 WL 1240347, at *4. "Motions to reconsider are typically brought pursuant to Federal Rule of Civil Procedure 59(e)." *Saccameno v. Ocwen Loan Servicing, LLC*, 2018 WL 1240347, at *4 (N.D. Ill. March 9, 2018). "Whereas Rule 59(e) derives from a common-law court's plenary power to revise its judgment before anyone could appeal, Rule 60(b) codifies various writs used to collaterally attack a court's already completed judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1700 (2020). Rule 60(b) motions allow a court to relieve a party from a final judgment under six circumstances, including "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

"Under which rule the motion falls turns on the time at which the motion is served. If the motion is served within [28] . . . days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (cleaned up). Because Varma's Motion was just barely filed outside the 28-day timeframe for filing a motion to reconsider pursuant to Rule 59(e), as it was filed 29 days later, the Court construes Varma's motion under Rule 60(b).

While Rule 60(b) "gives district courts the power and discretion to modify their judgment when truly new facts come to light or when the judge recognizes an error and believes it should be corrected," it is a rule that "applies only in the most extraordinary situations where a judgement is the advertent product of special circumstances and not merely erroneous application of law." *Kennedy v. Schneider Elec., Inc.*, 893 F.3d 414, 419 (7th Cir. 2018). S*ee Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 2022 WL 3095971, at *2 (7th Cir. 2022) ("Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances.").

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. See Jack Metzler, Cleaning Up Quotations, 18 Journal of Appellate Practice and Process 143 (2017).

Varma, as the moving party, bears the burden of establishing proper grounds for Rule 60(b) relief, and "[w]hether to grant a motion to reconsider is 'entrusted to the sound judgment of the district court.'" *Linnane v. Goble and Assoc., Inc.*, 2000 WL 1847864, at *1 (N.D. Ill. Dec. 15, 2000) (quoting *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996)).

Pleadings drafted by *pro se* litigants (like Varma) are not held to the stringent standards expected of those prepared by lawyers, so the allegations in Varma's complaint must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). That said, even pro se litigants must comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

**Analysis**

Varma's Motion is replete with text detailing a district court's jurisdiction over bankruptcy cases and recounting the history of the Bankruptcy Act. Motion at 1–6. At no point in the Motion, however, does Varma advance an argument for reconsideration under Rule 60(b), or Rule 60(e) for that matter. The Court assumes that Varma's Motion attempts to address the Court's request that any new motion for an extension to serve Defendants be supported with authority and explain why the Court "should allow the case to proceed without service while the bankruptcy proceedings and/or appeals relating to those proceedings remained ongoing." Dismissal Or.

Unfortunately, despite Varma's efforts to address the Court's request, it is too late and off base. And because he has neither identified any of the circumstances circumscribed in the rule, or identified new facts or an error of law as required under Rule 60(b), the Motion must be denied on that basis alone. *Oto*, 224 F.3d 606.

Even if the Court had considered Varma's Motion in light of the Dismissal Order, the Court would have still denied Varma's third motion for an extension of time to serve Defendants, and dismissed the case. In Varma's third motion, he recounts the Quorum bankruptcy proceedings and argues that the "delay in the service of summons is completely and unequivocally [due] . . . to the obfuscation by the Bankruptcy Ct. in Delaware preventing the advancement of controversies of these cases to conclusion." 3d Mot. Serve at 16. In the present Motion, Varma then details the Court's jurisdiction over bankruptcy matters and the history of bankruptcy claims. While informative, the Motion does not specifically address the issue here:

how or why the Quorum bankruptcy proceedings prevented Varma from at the very least *serving* Defendants.[4]

Varma also fails to address the other issues raised by the Court in the Dismissal Order. Dismissal Or. The Court, in addition to the bankruptcy arguments, noted that at that time, the case had been filed over a year ago, Varma had not shown good cause for yet another extension, and Varma had presented no evidence or other showing that he diligently tried to serve Defendants. *Id*. The Court had given Varma three chances, exceeding a year after Varma filed the complaint, to serve the Defendants. *Id*. And he did not. Not to mention, Defendants are all attorneys or law firms whose contact information is easily accessible through a quick internet search. Even though Varma is a *pro se* plaintiff, he has successfully navigated the federal judicial system, filing other lawsuits prior to and concurrent with the current case. *See* Compl; Initial Status. Most concerning is at the time of this Order, the Defendants *still* have not been served and the Court highly doubts that the Quorum bankruptcy proceedings have yet to cease. Without Defendants this case cannot move forward. Varma's motion is summarily denied.

**Conclusion**

For the foregoing reason, the Court denies Varma's Motion to Amend and/or Alter Judgment Pursuant to Fed. R. Civ. P. and Fed. R. Civ. P. 60 in Respect to the Order in Dkts Nos. 17 and 18 [19]. The July 12, 2023 Minute Entry stands [17]. Civil case remains terminated.

Date: 3/30/2024

United States District Judge
Franklin U. Valderrama

[4]The Court also notes that none of the Defendants are debtors, creditors, or parties in the Quorum bankruptcy proceedings. Defendants are attorneys and law firms representing parties, presumably the debtors, in the Quorum bankruptcy proceedings. Because the Defendants are not parties in the bankruptcy proceedings, and thus not subject to the automatic stay, the Court does not see how the Defendants are prevented from being served in this case. Varma does not address this issue in his Motion.